**TAYLOR et al. v. UNITED STATES.**

No. 6750.

Circuit Court of Appeals, Fifth Circuit.

Feb. 2, 1933.

H. M. Holden, U. S. Atty., of Houston, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The appellants C. S. Taylor, Raymond Tilghman, and Lewis Tilghman were convicted of breaking into a post office with intent to commit larceny and of the larceny of $1,000.

On the night of January 9, 1932, the post office at Trinity, Tex., was broken into and the safe opened by chiseling or hammering off the doorknobs, and two canvas bags were stolen out of the safe, one containing $800 of which $300 were in $20 bills and $500 were in $5 bills; and the other containing $200, $100 in quarters and $100 in half-dollars. These two packages were in transit from Houston to a bank in Chester, Tex. As there was no direct evidence of the crime charged, the government relied for convic-

tion on circumstantial evidence. Appellants moved for a directed verdict on the ground that the circumstances were insufficient to prove their guilt. They also relied on certain rulings on evidence during the course of the trial. Without entering into detail we are unable to see that there was error in any ruling of the trial court of which complaint is made. The circumstances upon which the jury based their verdict were these: Taylor and his wife, Raymond Tilghman and his former wife, Edna Rassmussen, left Wichita Falls, Tex., on December 31, 1931, in an automobile; proceeded down the state to Beaukiss, where they were joined by Lewis Tilghman in another automobile. They then visited in turn Austin, Huntsville, and Bay City. They reached Huntsville on the 8th of January. Taylor and Lewis Tilghman drove off in one of the automobiles and were met by the others later in the afternoon coming on the road from the direction of Trinity, which is 20 miles from Huntsville. A witness in Trinity testified that he saw Lewis Tilghman and another stranger in the post office on the afternoon of the 8th. Edna Rassmussen became a witness for the government, and testified that all three men in their party left Huntsville late in the afternoon of the 9th and came back about 3:30 a. m. on the 10th, and immediately left and drove that day to Bay City; that the men only had about $50 between them before the post office was broken into, but that when they left Huntsville each of them had a quantity of silver tied up in a handkerchief, and a large roll of bills. After reaching Bay City appellants traded in both of their automobiles for two others, paying in addition $435 in twenty and five dollar bills. They also bought various other articles ranging in price from $15 to $20 each, for which they paid principally in silver in the denominations of quarters and half-dollars. About the middle of January a $20 bill bearing the serial number of one which had been stolen from the post office at Trinity was deposited in a bank at Bay City, although it was not shown by whom the deposit was made. During the trip appellants were armed with pistols, and had flash-lights. When Taylor was arrested, two hammers and two chisels were found in his automobile. None of the appellants testified, or attempted to explain or contradict any evidence introduced by the prosecution; nor did Taylor's wife.

In our opinion these circumstances, when considered not separately but altogether, undenied and unexplained by other exculpating circumstances, were sufficient to sustain the verdict of the jury. The small amount of money which appellants had upon reaching Huntsville, their sudden coming into possession of a large amount of silver and bills of the very denominations that were taken out of the post office, the identification of one of them as a man who in company with another stranger was in the post office at Trinity the day before the burglary, their departure from Huntsville before day, shortly after the crime had been committed, the payment of relatively large bills in silver, their possession of pistols and flash-lights, of hammers and chisels, were circumstances which were consistent with guilt, and on the whole were inconsistent with any reasonable hypothesis of innocence.

The judgment is affirmed.